## SETTLEMENT AGREEMENT

This Settlement Agreement is made effective as of the date it is executed, by and between Clayton L. Howard ("Plaintiff"), the State Defendants (as defined below), and the State of Oregon (the "State") (collectively, "the Parties" or, individually, "Party"). The Effective Date of this Settlement Agreement is August 14, 2013.

## RECITALS

A   Plaintiff is a party to the following actions, which are currently pending in United States District Court for the District of Oregon: *Howard, et al. v. Jennifer Bjerke, et al.*, Case No. 6:06-cv-01722-AA; *Howard v. Williams, et al.*, Case No. 6:10-cv-06023-AA; *Howard v. Vargo, et al.*, Case No. 6:10-cv-00737-AA; and *Howard v. Belleque, et al.*, Case No. 6:11-cv-06207-AA (hereinafter the "Actions").

B   The defendants in the Actions include current and former employees and agents of the Oregon Department of Corrections ("ODOC"), named in their individual and official capacities, and several political subdivisions of the State of Oregon, including several correctional institutions (the "State Defendants").

C   William Thomas (aka Dollar Bill) is a defendant in the *Bjerke* action. William Thomas is neither a party to nor a third party beneficiary of this Settlement Agreement.

D   Plaintiff is represented by attorney Ryan M. Bledsoe and Tonkon Torp LLP in *Howard, et al. v. Jennifer Bjerke, et al.*, Case No. 6:06-cv-01722-AA and *Howard v. Vargo, et al.*, Case No. 6:10-cv-00737-AA and Darin M. Sands and Lane Powell in *Howard v. Williams, et al.*, Case No. 6:10-cv-06023-AA and *Howard v. Belleque, et al.*, Case No. 6:11-cv-06207-AA (hereinafter "Counsel"). The State Defendants are represented by Andrew Hallman, Assistant Attorney General.

E   A settlement conference in the Actions occurred on July 19, 2013, at the United States District Court for the District of Oregon before the Honorable Marco Hernández. At the settlement conference, Plaintiff and the State Defendants agreed to settle the Actions, the terms of which are set forth in this Settlement Agreement (hereinafter "Agreement").

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, including the promises contained in this Agreement, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, the State Defendants, and the State agree as follows:

1. **Settlement Payment.**

    a. Within twenty-one (21) days of the Effective Date of this Agreement, the State shall pay Plaintiff the sum of Forty Two Thousand Seven Hundred and Seventy Dollars ($42,770.00) ("Settlement Payment").

    b. The Settlement Payment will be in the form of a check from the State of Oregon made payable to the "Lane Powell Trust."

    c. With the exception of amounts paid to compensate Plaintiff for litigation expenses arising from the Actions, the Settlement Payment is made solely to compensate Plaintiff for the physical injuries he suffered while in the custody of ODOC.

  2. **Dismissal with Prejudice of the Actions.**

    a. Within ten (10) business days of receipt of the Settlement Payment, Plaintiff shall dismiss all State Defendants with prejudice from the Actions. With the exception of defendant William Thomas in the *Bjerke* case, Plaintiff authorizes Counsel to execute a Stipulated General Judgment of Dismissal with Prejudice as to all parties and without costs or attorneys' fees awarded to any party.

    b. Dismissal with prejudice of the Actions shall not in any way limit or hinder Plaintiff's right to pursue other actions in the future based on facts not asserted in the Actions, whether already threatened or grieved or otherwise asserted, including but not limited to *Howard v. ODOC et al.*, case no. 6:10-cv-06390-AA and the claim described in Paragraph 8. But the State, its employees, and its agents, expressly reserve, and do not waive, any and all defenses to such litigation.

  3. **Plaintiff's Transfer.** Upon written request, Plaintiff shall be considered for transfer from Two Rivers Correctional Institution ("TRCI") to another facility in Oregon in which he does not have a valid and documented conflict, that is appropriate for his custody classification, and that can meet the security and safety needs of Plaintiff and the institution. If an appropriate location is identified, the transfer shall occur within thirty (30) days of the written request. The only exception to this term is if Plaintiff requires protective custody, and he cannot be transferred to protective custody at the Snake River Correctional Institution ("SRCI") due to a valid and documented conflict, his custody classification, or because of the security and safety needs of Plaintiff and SRCI. In that instance, Plaintiff would remain in protective custody at TRCI until a transfer can be accomplished. If and when Plaintiff's requested transfer from TRCI is complete according to the terms of this Agreement, this term no longer has any effect.

  4. **Plaintiff's Medical Review.** ODOC shall arrange for Dr. Steve Shelton to conduct an examination and evaluation of Plaintiff during Dr. Shelton's next visit to TRCI. Dr. Shelton shall consider whether Plaintiff has any need for an outside specialist or a second surgery for his neck and back injuries, review the notations on Plaintiff's health services status screen, and address any of Plaintiff's concerns regarding his medical care.

  5. **Plaintiff's ODOC Debt.** Within twenty-one (21) days of the Effective Date of this Agreement, ODOC shall discharge the sum total of six hundred forty-five dollars and ten cents ($645.10) of debt Plaintiff allegedly owes to ODOC that is listed on his inmate

trust account balance sheet. This total includes the following alleged debts: $163.60 (copy advance); $360.00 (disciplinary fines advance); $43.25 (medical disciplinary advance); $35.08 property damage advance); and $43.17 (TRCI postage advance).

6. **Cost of Care Exemption.** All payments received by Plaintiff pursuant to this Agreement are exempt from the ODOC or any other state agency's "cost of care" rule. No state agency, political subdivision, correctional institution, or their employees, agents, or anyone acting on their behalf shall have any right to seek to recover any amounts received by Plaintiff pursuant to this Agreement on any grounds.

7. **Legal Work Letter.** Within ninety (90) days of the Effective Date of this Agreement, ODOC shall provide Plaintiff an updated letter identifying the parameters under which Plaintiff can assist other inmates with legal work. The letter shall be substantially similar to the letter signed by Mike Gower, which is Exhibit 47 to Plaintiff's declaration submitted in connection with the summary judgment briefing filed in the *Howard, et al. v. Jennifer Bjerke, et al.*, Case No. 6:06-cv-01722-AA case. Plaintiff and his attorneys will have the opportunity to review the draft letter and provide comment before it is officially distributed. The review and comment period shall be no less than fourteen (14) days.

8. **May 26-27 Incident Threatened Litigation.** Within sixty (60) days of Effective Date of this Agreement, the State shall review and investigate the claims of the eight inmates involved in events that occurred at TRCI Disciplinary Segregation Unit on May 26-27, 2012, involving the service of contaminated food, cell extractions, the issuance of deprivation orders, to determine whether their claims will be resolved without further litigation. If the State settles all claims with the inmates listed below, then Plaintiff shall have no right to pursue recovery of his damages arising from that incident. The eight inmates involved in this incident are:

- James Williams    (14476446)
- Kevin Hill         (16133331)
- Chris Burglner     (15376543)
- Jimmy Wiley        (5324041)
- Dennis Perryman    (15606523)
- Pedro Segura       (12893665)
- Jose Garcia        (17239236)
- Bo Todd            (18385750)

9. **Habeas Corpus Review.** Within ninety (90) days of the Effective Date of this Agreement, Respondent Steve Franke shall file his answer and response to Plaintiff's Petition for Writ of Habeas Corpus (United States District of Oregon Court Case No. 2:12-cv-01761-TC).

Page 3 of 6

EXHIBIT 1, Page 3 of 6
Notice of Settlement
Howard, et al. v. Vargo, et al.
USDC Case No. 6:10-cv-00737-AA

10. **Close Supervision Letter.** Within ninety (90) days of Effective Date of this Agreement, ODOC shall draft and circulate to all institutions a summary of the proper application of the close supervision and deprivation rules (i.e., OAR 291-011-0064). Plaintiff and his attorneys shall be given a copy of the draft letter and an opportunity to review and comment before it is distributed. The review and comment period shall be no less than fourteen (14) days.

11. **Double Cuffs.** Within sixty (60) days of the Effective Date of this Agreement, ODOC Health Services (though not Linda Gruenwald) shall review Howard's AS400 and remove the language regarding "no medical need for double cuffs."

12. **Knowledge and Understanding.** Plaintiff hereby declares that he read, understands, and voluntarily accepts the terms of this Agreement. The State and State Defendants understand that this Agreement only includes a dismissal with prejudice of the Actions, and that Plaintiff is not providing the State, State Defendants, or anyone else a release.

13. **Tax Consequences.** The Parties agree that no Party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the payment described in paragraph 1(a) for tax purposes, and agree that no further payment of money to the State will be due in the event that the payments embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any Party. *The State of Oregon, as part of its reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The State of Oregon reserves the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.*

14. **No Admission of Fault.** Plaintiff understands and agrees that this settlement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of State Defendants or any other officer, agent or representative of the State.

15. **Continuing Jurisdiction.** The United States District Court shall retain jurisdiction over the Actions for the purpose of enforcing the terms of this Agreement. The Parties agree that any disputes regarding the terms and conditions of this Agreement shall be decided by Judge Hernández. The Parties agree to be bound by Judge Hernández's decision concerning any such disputes, and expressly waive their right to seek enforcement of this Agreement through any other cause of action.

16. **Entire Agreement.** This Agreement contains and constitutes the entire agreement and understandings of the Parties and supersedes as of the execution date all prior negotiations, discussions, undertakings or agreements of any sort whatsoever, whether oral or written. There are no representations, agreements, or inducements except as set forth expressly and specifically in this Agreement.

17. **Amendments in Writing.** This Agreement may only be amended or modified by a written instrument that has been executed by the Parties and that unequivocally indicates the Parties' intention to modify this Agreement. No waiver of any breach of this

Page 4 of 6

EXHIBIT 1, Page 4 of 6
Notice of Settlement
Howard, et al. v. Vargo, et al.
USDC Case No. 6:10-cv-00737-AA

Agreement shall be construed as an implied amendment or agreement to amend or modify any provision of this Agreement.

18. **No Author.** All terms and provisions of this Agreement, and the drafting of this Agreement, have been negotiated by the Parties at arm's length, with assistance of the attorneys and appropriate representatives of the Parties' choosing, and to mutual agreement, with consideration by and participation of each, and no Party shall be deemed the scrivener of this Agreement.

19. **Construction.** Words used in the Agreement of any gender or neuter shall be construed to include any other gender or neuter where appropriate. Words used in this Agreement that are either singular or plural shall be construed to include the other where appropriate.

20. **Captions and Headings.** The Parties agree that the captions and headings contained in this Agreement are for convenience only and shall not be deemed to constitute a part of this Agreement.

21. **Multiple Counterparts.** This Agreement may be executed in multiple counterparts, any and all of which may contain the signatures of less than all the Parties and all of which shall be construed together as a single document. Each counterpart shall be fully effective as an original when all of the Parties have executed this Agreement. Such counterparts may also be executed by facsimile signature.

22. **No Waiver.** The failure by any of the Parties to this Agreement to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

23. **Invalidity.** If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable; and the remaining terms or provisions contained herein shall not be affected thereby.

24. **Medicare Representation.** Plaintiff agrees that he understands this settlement may impact, limit or preclude his right or ability to receive future Medicare benefits arising out of the injuries alleged in the Actions, and nevertheless wishes to proceed with the settlement.

25. **Legal Representation.** Each Party acknowledges that they have had the advice of independent counsel in connection with this Agreement. Each Party represents that he/she/it has read this Agreement, understands its terms and enters into it freely, voluntarily, and knowingly.

26. **Authority to Execute.** The signatories to this Agreement represent and warrant that they have full authority, express, implied and apparent to enter into this Agreement and to bind all of those who they sign for.

SIGNED AND NOTARIZED BY PLAINTIFF:

_____   DATE: 8/14/13
CLAYTON L. HOWARD
Plaintiff

Subscribed and sworn to before me this 14th day of August, 2013, in the State of Oregon, County of Umatilla.

OFFICIAL SEAL
LINDA D SCHUTT
NOTARY PUBLIC-OREGON
COMMISSION NO. 442453
MY COMMISSION EXPIRES SEPT. 25, 2013

_____
Notary Public for Oregon
My commission expires: 9/25/2013

SIGNED BY COUNSEL FOR STATE DEFENDANTS:

_____   DATE: 8/14/13
ANDREW HALLMAN, OSB # 083480
Assistant Attorney General
Attorney for State Defendants

APPROVED AS TO FORM BY COUNSEL FOR PLAINTIFF:

DATED this 14th day of August, 2013.

_____
Ryan M. Bledsoe, OSB # 073296
Counsel for Plaintiff

DATED this _____ day of August, 2013.

_____
Darin M. Sands, OSB # 106624
Counsel for Plaintiff

4829793v.1